# TURCOTTE LAW, P.C.

641 Lexington Avenue, 15th Floor, New York, New York 10022

**Christopher B. Turcotte**
Direct Dial: (212) 937-8499
Direct Fax: (646) 417-5851
E-Mail: cturcotte@cbtlaw.com

December 30, 2024

<u>**VIA ECF**</u>
The Honorable Marcia M. Henry
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE: *Leykam v. JPMorgan Chase & Co. d/b/a JPMCB Card Services, et al*.
>     <u>Case No.: 1:24-cv-07805-MMH</u>

Dear Judge Henry:

At the direction of Your Honor, defendant JPMorgan Chase Bank, N.A. ("Chase"), incorrectly sued herein as JPMorgan Chase & Co. d/b/a JPMCB Card Services, writes jointly on behalf of all Defendants showing cause why this case should not be remanded to state court for lack of subject matter jurisdiction in light of the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), and its progeny.

As set forth below, the Court should not *sua sponte* remand this Fair Credit Reporting Act ("FCRA") case where Plaintiff allege in the Complaint that Chase violated the FCRA by reporting a false tradeline, and that as a result of the reporting of the subject tradeline, Chase "caused [Plaintiff's] credit score to improperly further decrease." *See* Pl. Complaint, at ¶14.

The Complaint contains numerous allegations of actual, concrete, and particularized harm that Plaintiff suffered in connection with the purported damage to her credit score, which are sufficient to confer Article III standing. Plaintiff cannot avoid this Court's jurisdiction with mere conclusory statements alleging otherwise and which are contrary to her other allegations. In the alternative, to the extent this Court finds that Plaintiff's damage claim does not articulate a concrete harm, the proper remedy is dismissal under the "futility" doctrine.

## Relevant Facts and Procedural History

On September 30, 2024, plaintiff Brittany Leykam commenced the instant action with the filing of a Summons and Complaint in the Supreme Court of the State of New York, County of Kings.

Plaintiff alleges that Chase and the other Defendants violated the FCRA, 15 U.S.C. § 1681, *et seq.*, by virtue of their failure to reasonably investigate and/or re-investigate her claims of inaccurate credit reporting and to correct such errors. *See* Pl. Complaint, at ¶¶1-2, 35, 37, 41, 49. Specifically, as to Chase, Plaintiff claims that the tradeline for her Chase credit card account misreported the account's date of first delinquency. *Id.*, at ¶¶14-15, 18. As the claims assert a federal question, Chase timely removed to this Court on November 8, 2024, pursuant to 28 U.S.C. § 1331. Co-defendants join in the removal.

On December 10, 2024, the parties appeared before Your Honor for an initial pretrial conference. During the conference, the Court queried as to whether Plaintiff has standing in light of the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), with Plaintiff's counsel espousing why he commenced the action in state court and defense counsel explaining the basis for removal. The Court thereafter directed the parties to submit their positions in writing, with Defendants' joint submission regarding Plaintiff's standing due by December 30, 2024 and Plaintiff's response due by January 13, 2025. Accordingly, Defendants submit the following reasons why this case should not be remanded to state court for lack of standing.

## Legal Argument

### A. Plaintiff Has Pled That She Suffered Damages Satisfying Article III Standing.

To satisfy Article III standing, a plaintiff must allege injury-in-fact, causation, and redressability. *Spokeo Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). To meet this burden at the pleading stage, the Complaint must contain sufficient factual allegations of injury flowing from the defendant's conduct. *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("[A]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice.")); *see also Baur v. Veneman*, 352 F.3d 626, 630 (2d Cir. 2004) ([A]t the pleading stage, standing allegations need not be crafted with precise detail, nor must plaintiff prove his allegations of injury.").

To establish an injury-in-fact, a plaintiff must allege that she suffered an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, rather than conjectural or hypothetical. *See Lujan*, 504 U.S. at 560. "Certain tangible harms, such as physical and monetary damage, readily qualify as concrete, but various intangible harms, such as reputational damage, can, too." *Grauman v. Equifax Information Servs., LLC*, 2021 WL 3239865, at \*3 (E.D.N.Y. July 16, 2021) (quoting *Ramirez*, 141 S. Ct. at 2208).

The standing analysis is contextual and must comply with the "manner and degree of evidence required at the successive stages of the litigation." *Maxineau v. City of New York*, 2013 WL 3093912, at \*2 (E.D.N.Y. June 18, 2013) (relying on *Lujan*). Because this case is at the pleading stage,[1] "general factual allegations of injury resulting from defendant's conduct may suffice" because we "presum[e] that general allegations embrace those specific facts that are

---

[1] The pleading standard for Article III standing is lower than the standard for a substantive cause of action. *See e.g., Harry v. Total Gas & Power North America, Inc.*, 889 F.3d 104, 110 (2d Cir. 2018).

necessary to support the claim." *Lujan*, 504 U.S. at 561. Further, the Second Circuit has "repeatedly described the injury in fact requirement as a lower threshold." *John v. Whole Foods Mkt. Group, Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) (relying on *Lujan*) (internal quotations omitted).

Here, Plaintiff alleges that Chase "caused [Plaintiff's] credit score to improperly further decrease." *See* Pl. Complaint ¶ 14. Plaintiff further alleges that the inaccurate reporting of her student loan account by co-defendant Higher Education Loan Authority of the State of Missouri d/b/a "MOHELA" also resulted in her receiving "a much lower credit score." *Id*. at ¶ 26. Plaintiff claims that these furnishers' credit data remains on credit reports generated by Equifax, Experian and Trans Union. *Id*. at ¶¶18, 25.

Courts have found that allegations of damage to a plaintiff's credit or creditworthiness at the pleading stage -- similar to those asserted in the Complaint -- are sufficient to maintain standing. *See e.g., Norman v. Trans Union, LLC*, 669 F. Supp. 3d 351, 371–72 (E.D. Pa. 2023)*, appeal dismissed,* 2024 WL 1793554 (3d Cir. Jan. 10, 2024) (finding Article III standing where the complaint alleged "diminution of credit score," as it is as a financial harm that impacts a consumer's economic condition); *Hernandez v. Equifax Information Servs., LLC*, 2019 WL 11343464 (N.D. Ga. Oct. 11, 2019) (finding allegation of damage to creditworthiness to be sufficient to maintain standing at pleading stage); *Escobar v. Midland Credit Management*, 2019 WL 3751486, at *3-4 (D.Conn. Aug. 8, 2019)(finding allegation of "inaccurate credit rating" was sufficient to confer Article III standing); *Kilpakis v. JPMorgan Chase Fin. Co.*, LLC, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (finding allegations concerning inaccurate mortgage foreclosure that "adversely impact the Plaintiff's credit rating" to be sufficient to withstand motion to dismiss at pleading stage).

As Plaintiff has pled the elements of federal standing required at this early stage of litigation and Chase properly and timely removed, this Court has subject matter jurisdiction over the matter.

**B.      To the Extent this Court Finds Plaintiff's Damages Claim Does Not Articulate a Concrete Harm, the Proper Remedy Is Dismissal under the "Futility" Doctrine.**

To the extent the Court finds that Plaintiff has not sufficiently alleged injury based on Defendants' purported violation of the Fair Credit Reporting Act, the proper remedy is dismissal, rather than remand.[2]   New York district courts have acknowledged that there are "possible limitations" to the principle that the district court shall remand the case to state court if "at any time before final judgement it appears that the district court lacks subject matter jurisdiction." *Zanotti v. Invention Submission Corp.*, 2020 WL 2857304, at *10 (S.D.N.Y. June 2, 2020).   One such limitation, applicable here, is the doctrine of futility.  *Id*.   The Second Circuit has stated that in certain circumstances where the court lacks subject matter jurisdiction,

---

[2] In the event the Court should remand this action, Defendants submit that such ruling should preclude Plaintiff from later alleging any new harm purportedly sustained that has not been disclosed as a basis to recover damages.  It would not only be highly prejudicial but any such amendment is seemingly collaterally estopped by such a decision.

dismissal, rather than remand, is the appropriate remedy. *Mignogna v. Sair Aviation, Inc.*, 937 F2d 37, 41 (2d Cir.1991) (noting that "remand might be improper if it would be futile").

Here, remand of Plaintiff's claims would be futile, because, if she cannot allege concrete harm attributable to Defendants to establish the required "injury-in-fact," Plaintiff would also lack standing to bring the suit in New York state court because such courts also require that Plaintiff sufficiently allege that she suffered an injury-in-fact. *See Caprer v. Nussbaum*, 36 A.D.3d 176, 183 (2d Dept. 2006) ("in order to have standing in a particular dispute, [plaintiff] must demonstrate an injury-in-fact"). This requires that Plaintiff show that she will "actually be harmed by the action, and that the injury [she] asserts is more than conjectural." *Id.*; *see also American Massage Therapy Assn. v. Town of Greenburgh,* 173 A.D.3d 1009, 1010, 102 N.Y.S.3d 673 (2d Dept. 2019) ("[t]o demonstrate an 'injury in fact,' a plaintiff must 'establish that he or she will actually be harmed by the challenged action, and that the injury is more than conjectural'"). Thus, to the extent this Court determines that Plaintiff has not alleged an injury-in-fact arising out of Chase's (or MOHELA's) furnishing of the credit data on the subject tradeline, Plaintiff will also fail in asserting standing to continue in state court, as the same is required in New York state courts. *See Smahaj v. Retrieval-Masters Creditors Bur., Inc.*, 69 Misc. 3d 597, 604 (N.Y. Sup. Ct. 2020) (holding that pleading possible damage to creditworthiness with no allegations suggesting actual damage was "speculative harm that does not constitute an injury-in-fact that is fairly traceable to [defendant's] conduct"); *Jurupa Valley Spectrum, LLC v. National Indem. Co.*, 2007 WL 1862162, at *5 n.6 (S.D.N.Y. June 29, 2007) ("[t]he requirements for standing under New York law are similar to the requirements under Article III, including the requirement of an injury in fact").

Moreover, if the Court finds that Plaintiff lacks Article III standing, she will be unable to establish the necessary elements to maintain her FCRA claims in New York state court. This is because the threshold to satisfy the requirement for an injury-in-fact that is fairly traceable to the challenged conduct of the defendant is a lower standard than that needed to establish the element of causation required to state a claim under the FCRA. *See e.g., Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013) ("because the 'fairly traceable' standard is lower than that of proximate cause"). Thus, if Plaintiff cannot establish that she has suffered an injury-in-fact that is traceable to Defendants' furnishing of the credit data on the subject tradelines, she will be unable to establish standing in state court, and similarly will fail to meet the higher bar for establishing proximate causation as required to maintain a claim under the FCRA. Therefore, if the Court finds that Plaintiff lacks standing, the proper remedy is dismissal under the futility doctrine recognized by the Second Circuit.

### Conclusion

For the foregoing reasons, Defendants respectfully request that this Court confer subject matter jurisdiction for this action under 28 U.S.C. § 1331 or dismiss this action under the futility doctrine for lack of standing.

Respectfully submitted,

*/s/Christopher B. Turcotte*
Christopher B. Turcotte

cc: All Counsel of Record (via ECF)