```
United States District Court
Eastern District of New York
```

------------------------------------X

BRITTANY LEYKAM,

              *Plaintiff*,              **MEMORANDUM & ORDER**

  - against -                 No. 24-CV-7805(KAM)(CHK)

JP MORGAN CHASE & CO. d/b/a "JPMCB
CARD SERVICES," HIGHER EDUCATION LOAN
AUTHORITY OF THE STATE OF MISSOURI
d/b/a "MOHELA," EQUIFAX INFORMATION
SERVICES, L.L.C., EXPERIAN
INFORMATION SOLUTIONS, INC., and
TRANSUNION INTERACTIVE, INC.,

              *Defendants*.

------------------------------------X

**Kiyo A. Matsumoto**, *United States District Judge*:

    Upon reviewing the parties' filings in this case, the Court has *sua sponte* considered whether it has subject matter jurisdiction. For the reasons explained below, the Court concludes that Plaintiff lacks Article III standing and respectfully **REMANDS** the action to Kings County Supreme Court.

BACKGROUND

    On September 30, 2024, Plaintiff Brittany Leykam filed a lawsuit in Kings County Supreme Court. (ECF No. 1-1 (the "Complaint").) The Complaint brings nine claims of alleged violations of the Fair Credit Reporting Act ("FCRA") against JPMorgan Chase & Co. ("Chase"), Higher Education Loan Authority of

the State of Missouri ("Mohela"), Equifax Information Services L.L.C. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion Interactive, Inc. ("TransUnion"). (ECF No. 1-1 (Compl.) ¶¶ 34–51.)[1]  On November 8, 2024, Chase removed the action to this Court.  (ECF No. 1.)

The Complaint acknowledges that Ms. Leykam's lawsuit "may not appropriately be brought in a United States district court because the instant complaint does not allege the particular type of injury required by Article III of the U.S. Constitution."  (Compl. ¶ 4 (citing *George v. Credit Corp. Sols. Inc.*, No. 22-cv-5512(NRM)(VMS), 2023 WL 7000964, at *1 (E.D.N.Y. Aug. 24, 2023), *report and recommendation adopted*, Sep. 13, 2023 Text Order).)  At Magistrate Judge Henry's direction, the parties filed letters addressing the issue of Article III standing on December 30, 2024 and January 3, 2025.  (Dec. 10, 2024 Min. Entry; ECF No. 16 (Defs.' Letter); ECF No. 17 (Pl.'s Letter).)

## LEGAL STANDARDS

The FCRA "creates a cause of action for consumers to sue and recover damages for certain violations."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 419 (2021).  But the mere existence of a federal cause of action or statutory violations is not enough to confer Article III standing.  "Article III standing requires a

---

[1]  Plaintiff has dismissed with prejudice any claim against Defendants Experian and TransUnion.  (*See* ECF No. 5 (notice of dismissal as to TransUnion); ECF No. 20 (stipulation of dismissal as to Experian).)

concrete injury even in the context of a statutory violation." *Ramirez*, 594 U.S. at 426. (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

"In the FCRA context, the Supreme Court made clear that 'a bare procedural violation, divorced from any concrete harm' fails to satisfy the injury-in-fact requirement of Article III." *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 391 (E.D.N.Y. 2022) (quoting *Spokeo*, 578 U.S. at 341). "Neither an incorrect notation on plaintiff's credit report nor the diminution in [plaintiff's] credit score are sufficient to confer standing." *Id.* at 392; *accord Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 65 (2d Cir. 2021) ("A nebulous risk of future harm . . . *i.e.*, a risk that someone (a creditor, in all likelihood) might access the record and act upon it . . . which was not alleged to have materialized, cannot form the basis of Article III standing.").

Thus, district courts in the Second Circuit "have uniformly held that absent specific allegations of reputational or monetary harm, [FCRA] plaintiffs lack constitutional standing." *Spira v. TransUnion, LLC*, No. 21-cv-2367(KMK), 2022 WL 2819469, at *4 (S.D.N.Y. July 19, 2022) (collecting cases); *accord Phipps v. Experian Info. Sols., LLC*, No. 23-7529, 2024 WL 5001842, at *1-2 (2d Cir. Dec. 6, 2024) ("a credit reporting agency's dissemination of *any* inaccurate information to third parties" does not, on its own, "establish Article III standing" (emphasis retained)).

3

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 979 (2d Cir. 1975) ("[A] district court should be alert to terminate an action under Rule 12(h)(3) when lack of subject matter jurisdiction becomes apparent."). "Indeed, the lack of jurisdiction is so fundamental a defect that the rule permits a judge to recognize it *sua sponte* at any time." *Bernstein*, 517 F.2d at 979. In removal cases, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

"[T]he party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing," including injury-in-fact. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (citation omitted); *accord Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Given the posture of this case, the burden to prove Ms. Leykam's standing rests with Defendants, who invoked federal jurisdiction by removing this case to this Court. *See, e.g.*, *Connecticut ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) ("the defendant always has the burden of establishing that removal was proper" (internal quotation marks and citation omitted)). Defendants invoked 28 U.S.C. § 1331 when removing this case (ECF No. 1 ¶ 5), but the

4

statutory grant of jurisdiction under § 1331 does not obviate the constitutional requirements of Article III. For the Court to have subject matter jurisdiction over this case, the Complaint must allege an Article III injury-in-fact.

Upon independent review of the Complaint, the Court finds no allegation of an Article III injury-in-fact. Instead, the Complaint alleges purely technical violations. For example, the Complaint alleges that Chase "inaccurately conveyed that Ms. Leykam's financial delinquency had occurred more recently than it actually had and, hence, [Chase] caused Ms. Leykam's credit score to improperly [] decrease." (ECF No. 1-1 (Compl.) ¶¶ 13-14.) As another example, the Complaint alleges that Mohela has reported certain of Ms. Leykam's debts but has not reported that the "debt information is disputed by Ms. Leykam," resulting in a lower credit score. (ECF No. 1-1 (Compl.) ¶¶ 19-26.) As noted in *Zlotnick*, however, "[n]either an incorrect notation on plaintiff's credit report nor the diminution in [plaintiff's] credit score are sufficient to confer standing" under Article III. 583 F. Supp. 3d at 392.

In addition, Ms. Leykam does not allege any other "reputational or monetary harm," *Spira*, 2022 WL 2819469, at *4, that would qualify as "'concrete' for the purposes of Article III" standing. *Maddox*, 19 F.4th at 63; *see also Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 273 (E.D.N.Y. 2022) (holding that

5

plaintiff's allegations that he suffered "injury to his credit worthiness," "increased difficulty obtaining credit," and "embarrassment, humiliation, and other emotional injuries" were conclusory allegations insufficient to demonstrate standing because they were "not expenses, costs, any specific lost credit opportunity, or specific emotional injuries").

In sum, the Complaint alleges "bare procedural violation[s], divorced from any concrete harm," which cannot "satisfy the injury-in-fact requirement of Article III." *Spokeo*, 578 U.S. at 341.[2]

## CONCLUSION

For the reasons set forth above, this case was improperly removed from Kings County Supreme Court, and the Court does not have subject matter jurisdiction over this case. The Clerk of Court is respectfully directed to **REMAND** the entire action to Kings County Supreme Court and to terminate this matter.

**SO ORDERED.**

Dated:   August 22, 2025
         Brooklyn, New York

_____
**Hon. Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

---

[2]   In contending otherwise, Defendants rely on out-of-circuit authority or district court decisions issued before the Supreme Court's 2021 decision in *TransUnion LLC v. Ramirez*, none of which compel a contrary conclusion. (*See* ECF No. 16 at 3.)